UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA MARIE GRAY, )
 )
 Petitioner, )
 )
 v. ) No. 4:05-CV-1021-RWS
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon Angela Marie Gray's "motion for review of sentence under 18 U.S.C § 3742(a)(2)" [Doc. #1].[1]

**Background**

On May 6, 1999, petitioner pleaded guilty to one count of

---

[1] The Court notes that the instant motion bears the case number of petitioner's closed criminal case and was not accompanied by a filing fee or motion to proceed in forma pauperis. Because it appeared that petitioner was seeking to correct her sentence, the Clerk filed the motion as a separate action under 28 U.S.C. § 2255. The Clerk's designation of this case as a § 2255 motion, however, places no limitation on the Court's review of this matter. The Court finds that petitioner actually is seeking relief under 18 U.S.C. § 3742(a)(2), and not § 2255. Moreover, the Court's records show that petitioner previously brought a "petition for correction of judgment" which this Court construed under § 2255, and denied as time-barred on November 23, 2004. See Gray v. United States, No. 4:04-CV-1448-RWS (E.D. Mo). As such, the Court will not construe the instant action as having been brought under § 2255. If petitioner chooses to file an action for habeas corpus relief under § 2255, she must first obtain permission from the Eighth Circuit Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

bank fraud, in violation of 18 U.S.C. §§ 1344 and 2.  She was sentenced to twenty-seven months imprisonment, to run consecutively to the state sentences she was then serving.  Petitioner did not appeal the judgment or sentence.

**Motion for Review of Sentence**

Petitioner seeks review of her sentence under 18 U.S.C § 3742(a)(2) on the ground that the sentence was imposed "as a result of an incorrect application of the sentencing guidelines." Specifically, petitioner contends that she should have been sentenced to a concurrent, rather than a consecutive, sentence.

Section 3742(a)(2) concerns the filing of a notice of appeal in the district court for review of an otherwise final sentence.  Rule 4(b) of the Federal Rules of Appellate Procedure states that a criminal defendant's notice of appeal shall be filed within ten days after the entry of judgment.  As such, the instant "motion for review of sentence" is untimely and will be denied.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's "motion for review of sentence under 18 U.S.C § 3742(a)(2)" [Doc. #1] is **DENIED.**

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [Doc. #2] is **DENIED**, as moot.

An appropriate order will accompany this memorandum and order.

Dated this 30th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**